IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 0:09-1021-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID LEE CRADLE, JR. ) | |
| _____ ) | |

    This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012).

    On April 26, 2011, the defendant was sentenced to 240 months imprisonment after pleading guilty to Count 1 of the Indictment which charged conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine.

    The defendant had two prior felony drug convictions which subjected him to enhanced penalties—a minimum sentence of Life—under 21 U.S.C. § 851. However, the government agreed to withdraw two of the enhancements which lowered the defendant's mandatory Life term to the statutory sentence of 240 months.

    The defendant asserts that although he was sentenced after the Fair Sentencing Act (FSA) was enacted on August 3, 2010, he was sentenced under the old statutory mandatory minimums dictated by pre-FSA law as his offense occurred before August 3, 2010.

    First, a proceeding under § 3582(c)(2) is a limited action permitting only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding. See

1

*Dillon v. United States*, 130 S. Ct. 2683 (2010).  The defendant's statutory mandatory minimum sentence was not a guideline provision, but a statutory requirement.  Section 3582 only applies to retroactive *guideline* provision amendments such as Amendment 750.  On the other hand, 28 U.S.C. § 2255 may be used to challenge a *statutory* provision of a sentence.  In other words, here, the defendant cannot utilize a § 3582 motion to seek a reduction of his sentence due to an alleged misapplication of a statutory provision; he must file a § 2255 motion to obtain relief from an incorrect mandatory minimum sentence.

The defendant is hereby advised that this court intends to recharacterize his present § 3582 motion as one under § 2255.  Pursuant to *Castro v. United States*, 124 S.Ct. 786 (2003), if a court recharacterizes a *pro se* defendant's motion as a first motion to vacate, it must (1) notify the defendant that it intends to recharacterize the pleading; (2) warn the defendant that this recharacterization means that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate, and (3) provide the defendant an opportunity to withdraw the motion or amend it so that it contains all the claims he believes he may file in the motion to vacate.

The court hereby notifies the defendant that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action.  That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution

2

> or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

The defendant is further notified that if he seeks to file a successive § 2255 petition, he "must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)).

The court will allow the defendant 30 days to withdraw or amend his § 3582 motion or he may set forth his objections to its recharacterization and request that his pleading be ruled on the merits as filed. The Clerk is directed to send a blank copy of § 2255 forms to the defendant should he desire to refile or amend the current motion.

Pursuant to the Criminal Justice Act, Title 18, United States Code, Section 3006A, and the Plan of this District approved thereunder on April 21, 1971, by the Judicial Council of the Fourth Circuit,

IT IS ORDERED that the Federal Public Defender is appointed to represent the above-named defendant for the purposes of filing, should the defendant so desire, a § 2255 motion.

IT IS SO ORDERED.

January 10, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge